UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LIVIA M. SCOTTO, CARMELA SCIABARRA
and CONCETTA SCOTTO,

               Plaintiffs,

               v.

NEW YORK UNIVERSITY HOSPITAL,
CALCARY HOSPITAL OF BROOKLYN
NEW YORK, PHYSICIANS OF
MAIOMOMEDIES REHABILITATION CLINIC,
CARDIAC CARE PHYSICIANS, MAIOMOMEDIES
MEDICAL CENTER AND REHABILITATION
CENTER, CONSULATE HEALTHCARE,
WILLIAM MATHIES, CENTRAL PARK
REHABILITATION HEALTHCARE, HCA
AFFILIATES and BRANDON REGIONAL
HOSPITAL,

               Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-4756 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

     Plaintiffs Livia M. Scotto, Carmella Sciabarra, and Concetta Scotto, proceeding *pro se*, commenced the above-captioned action on August 9, 2019, against Defendants. (Compl., Docket Entry No. 1.) On August 19, 2019, the Clerk of Court issued a Notice of Deficient Filing, directing Plaintiffs to either pay the $400 filing and administrative fees or file a request to proceed *in forma pauperis* ("IFP"). (Notice of Deficient Filing, Docket Entry No. 2.) On August 29, 2019, Plaintiff Livia M. Scotto filed an IFP motion, (IFP Mot., Docket Entry No. 6), which the Court grants pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order, as well as two motions seeking the Court's recusal, (Mot. for Recusal, Docket Entry No.

4; Mot. to Show Cause, Docket Entry No. 7). In addition to not signing the Complaint, (*see* Compl.), Sciabarra and Concetta Scotto have not filed IFP motions. Accordingly, the Court dismisses without prejudice any claims on behalf of Sciabarra and Concetta Scotto, and addresses this action as filed solely by Livia M. Scotto.[1] For the reasons discussed below, the Court denies Plaintiff's motions for recusal and dismisses the Complaint for failure to state a claim.

I. Discussion

   a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[1] The Court directs the Clerk of Court to amend the caption accordingly.

monetary relief against a defendant who is immune from such relief." 28 U.S.C.
§ 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

    **b. Motion to recuse**

Section 455(a) of Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Liteky v. United States*, 510 U.S. 540, 546 (1994) (quoting 28 U.S.C. § 455(a)). This provision "is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings." *Id.* at 557–58. "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id.*; *see also El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30, 31 (2d Cir. 2018) (noting that in determining whether to recuse itself from a case, a court must consider whether "an objective, disinterested observer fully informed of the underlying facts[] [would] entertain significant doubt that justice would be done absent recusal" (quoting *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000))); *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012) (same).

Disagreement with a court's decision, in and of itself, is not a sufficient basis to grant a recusal motion. *LoCascio v. United States*, 473 F.3d 493, 495–96 (2d Cir. 2007) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (quoting *LoCascio v. United States*, 372 F. Supp. 2d 304, 315 (E.D.N.Y. 2005))); *S.E.C. v. Razmilovic*, No. 04-CV-2276, 2010 WL 2540762, at *4 (E.D.N.Y. June 14, 2010) ("Generally,

3

claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." (quoting *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009))); *LoCascio*, 372 F. Supp. 2d 15 ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966))), *aff'd*, 473 F.3d 493. "[A] high threshold is required to satisfy th[e] standard" for recusal. *Liteky*, 510 U.S. at 557–58. "Recusal motions are committed to the sound discretion of the district court." *LoCascio*, 473 F.3d at 495.

Plaintiff provides no basis for seeking the Court's recusal. The Court therefore denies her motion.

### c. Plaintiff fails to state a claim

The 225-page Complaint is incoherent and fails to state a claim for relief. (*See generally* Compl.) The Complaint consists of a random assortment of documents and does not contain a statement of claim against any Defendant. (*Id.*) Despite the Court's best efforts, the Complaint is impossible to follow as it consists of various excerpts, attachments, duplicates, notices, receipts, and emails. (*Id.*)

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

1988) (citations omitted); *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted); *see also Dettelis v. Sharbaugh*, 919 F.3d 161, 168 (2d Cir. 2019) ("Rule 8 of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)).

Dismissal of a complaint is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting *Simmons*, 49 F.3d at 86); *see also Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) ("Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (quoting *Salahuddin*, 861 F.2d at 42)).

Even under the most liberal reading of the Complaint, the Court cannot discern what legally cognizable harm Plaintiff has suffered. Accordingly, the Court dismisses the Complaint. *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal where the plaintiff's second amended complaint was "incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations"); *Prezzi v. Schelter*, 469 F.2d 691,

692 (2d Cir. 1972) (affirming dismissal of an "88-page, legal size, single spaced *pro se* complaint" that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and thus "failed to comply with the requirement of Rule 8"); *Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 235 (E.D.N.Y. 2014) (dismissing a complaint *sua sponte* because it contained "only broad, vague and generalized allegations" and thus failed to comply with Rule 8); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at *1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint that alleged "no facts" to support a federal cause of action against the named defendant); *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (dismissing a 476-page complaint that was "indisputably prolix and often unintelligible" because "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought").

### d. The Court declines to afford Plaintiff an opportunity to amend the Complaint

While the Court would ordinarily grant Plaintiff leave to amend her Complaint to cure the identified deficiencies, any amendment in this case would be futile and "[l]eave to amend may properly be denied if the amendment would be futile." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).

Based on the incomprehensible nature of the Complaint, as well as Plaintiff's litigation history (as set forth below), the Court finds that any amendment would be futile and denies Plaintiff leave to amend. *See Perry v. Mary Ann Liebert, Inc.*, 765 F. App'x 470, 473 (2d Cir. 2019) (affirming the district court's denial of leave to amend the plaintiff's complaint on futility

grounds); *Clifton v. Office of Temp. Disability OTDA*, No. 15-CV-6806, 2016 WL 482021, at *2 (E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the [c]ourt would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from plaintiff's submission and prior litigation history with the [c]ourt that he cannot state a plausible claim for relief. As such, any attempt to amend . . . would be futile."); *see also Glass v. U.S. Presidents since 1960*, No. 17-CV-3141, 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding that the plaintiff's amended complaint rose "to the level of irrational," and declining to afford the plaintiff an opportunity to further amend her complaint "given that the deficiencies therein [were] not such that could be cured by amendment").

    e. **Plaintiff's litigation history**

Plaintiff has a long history of filing similar actions in other courts. Indeed, Plaintiff has filed over fifty cases in federal courts[2] and is the subject of several filing injunctions in various

---

[2] *See, e.g.*, *Scotto v. M. Dyer & Sons*, No. 18-CV-1665, 2018 WL 4760791, at *1 (M.D. Fla. Aug. 7, 2018) (dismissing Plaintiff's complaint because she "fail[ed] to provide a basis for jurisdiction, a statement of the claim, or a statement regarding damages or relief"); *Scotto v. Foster*, No. 18-CV-1666, 2018 WL 8584157, at *1 (M.D. Fla. July 27, 2018) (finding that Plaintiff's complaint, consisting of a "cover sheet that appends a seemingly random assortment of other unexplained documents," did not comply with the Federal Rules of Civil Procedure); *Scotto v. McClean*, No. 17-CV-2730, 2018 WL 1886568, at *2 (M.D. Fla. Jan. 30, 2018) (dismissing Plaintiff's second amended complaint because her "allegations [were] disorganized, confusing, and repetitive, and [were] not relevant to any cause of action"); *Scotto v. CUC Int'l*, No. 07-CV-00213, 2007 WL 1341183, at *1 (D. Haw. May 3, 2007) (dismissing Plaintiff's complaint because the court could not "understand the . . . claims" since the allegations were "incomprehensible" and did not "create[] any factual basis for an actionable claim against any named defendant).

courts.³  To date, Plaintiff has filed thirteen Complaints, including this action, in this Court.⁴

Plaintiff is cautioned that this Court will not tolerate frivolous litigation and that she may be subject to a filing injunction in this district should she continue to file similar actions in this Court. *Mendes da Costa v. Marcucilli*, No. 18-1859, 2019 WL 5618160, at *2 (2d Cir. Oct. 31, 2019) ("A district court may impose a leave-to-file sanction on 'litigants who abuse the judicial process,' such as by filing 'repetitive and frivolous suits.'" (quoting *Shafi v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996))); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.'" (quoting *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984))).

---

³ *See, e.g.*, *In re Livia M. Scotto*, No. 18-MC-62, at *2 (M.D. Fla. Aug. 6, 2018) (implementing a "pre-filing review" process to "deter [Plaintiff's] frivolous filings and to preserve the judiciary's resources"); *Scotto v. United States of America*, No. 16-CV-9125 (S.D.N.Y. Jan. 30, 2017); *In re Livia M. Scotto*, No. 11-MC-302 (D. Haw. Dec. 14, 2011).

⁴ *See Scotto v. State of Hawaii*, No. 19-CV-5167 (E.D.N.Y. filed Aug. 9, 2019); *Scotto v. New York Univ.*, No. 19-CV-04756 (E.D.N.Y. filed Aug. 9, 2019); *Scotto v. New York Univ.*, No. 19-CV-701 (E.D.N.Y. dismissed Nov. 20, 2019); *Scotto v. United States*, No. 19-CV-901 (E.D.N.Y. dismissed Nov. 20, 2019); *Scotto v. Maimonides Hosp.*, No. 19-CV-2821 (E.D.N.Y. filed May 3, 2019); *Scotto v. McClean*, No. 19-CV-2443 (E.D.N.Y. appeal docketed July 26, 2019); *Scotto v. Noordhoek*, No. 19-CV-2444 (E.D.N.Y. appeal docketed Aug. 29, 2019); *Scotto v. Bass & Assoc.*, No. 19-CV-2445 (E.D.N.Y. dismissed July 30, 2019); *Scotto v. Societe Air France*, No. 19-CV-2446 (E.D.N.Y. appeal docketed Aug. 29, 2019); *Scotto v. Societe Air France*, No. 18-CV-7242 (E.D.N.Y. appeal docketed May 13, 2019).

## II. Conclusion

For the reasons set forth above, the Court denies Plaintiff's motions for recusal and dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

Dated: November 25, 2019
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge